IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JUSTIN WINTERS,

        PLAINTIFF.

PEPSICO, INC.,

        DEFENDANT.

CASE NO. 2:23-cv-02295-CSB-EIL

Hon. Colin S. Bruce
Hon. Magistrate Judge Eric I. Long

CARLA D. AIKENS, P.L.C.
CARLA D. AIKENS (P69530)
*Attorneys for* Plaintiff
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
Phone: (844) 835-2993
Fax: (877) 454-1680

Matthew P. Kellam
Laner Muchin, Ltd.
515 N. State Street, Suite 2400
Chicago, Illinois 60654
Phone: (312) 467-9800
mkellam@lanermuchin.com

## **PLAINTIFF JUSTIN WINTER'S MOTION TO ENFORCE SETTLEMENT**

NOW COMES Plaintiff, Justin Winters, by and through his attorneys, Carla D. Aikens, P.L.C., and for his Motion to Enforce Settlement, states as follows:

1. Plaintiff filed this lawsuit in Vermilion County, Illinois, on December 29, 2023, alleging violations of the Illinois Human Rights Act, the Employee Background Fairness Act, and wrongful discharge in violation of Illinois public policy. The lawsuit was then removed to this Court by Defendant.

1

.

2. Plaintiff was hired by Defendant on or about June 10, 2022, as a Breakfast Operator at the Quaker Oats facility in Danville, Illinois, earning $17/hour

3. On or about July 20, 2022, Plaintiff was abruptly terminated via email by Defendant's Human Resources Manager, purportedly based on information in a consumer background report, which Defendant was fully aware of before hiring him.

4. Plaintiff filed a charge with the Illinois Department of Human Rights, which, on August 21, 2023, issued a determination letter finding that Plaintiff was subjected to unlawful discrimination based on his conviction record and authorizing him to pursue this lawsuit

5. After litigation commenced, the parties engaged in settlement negotiations in mid-2025.

6. On July 30, 2025, the parties participated in a settlement conference with the Court, following which Plaintiff was not clear whether a settlement had been reached, as the Magistrate Judge's entry indicated that it had settled.

7. From August 1 to August 15, Plaintiff's counsel tried to follow up with Defendant and the Magistrate Judge's chambers regarding the "settlement" designation.

8. Eventually, after several back and forth discussions, on August 27, 2025, Defendant's counsel, Matthew P. Kellam, confirmed in writing that Defendant

accepted Plaintiff's settlement demand, with an agreed upon allocation of lost wages, and further represented that he would prepare a draft written settlement agreement.

9. No discussion was ever had regarding how to split the payments.

10. Following Defendant's acceptance of the settlement, Plaintiff's counsel sought to finalize the written agreement. However, Defendant caused delays by failing to produce an executable draft, proposing improper modifications, and insisting on extended payment deadlines.

11. On September 5, 2025, Defendant finally sent a draft agreement but stated that it still lacked client approval. Plaintiff's counsel promptly returned edits the same day.

12. Throughout this period, Plaintiff's counsel diligently followed up on the preparation and execution of the settlement agreement, including emails dated September 2, 4, 5, 6, 8, 12, 15, and 18, 2025, urging Defendant to finalize the matter.

13. On September 15, 2025, Plaintiff's counsel formally demanded that Defendant make payment within 14 days of finalizing the settlement, warning that any further delay would compel Plaintiff to file a motion to enforce the agreement.

14. Despite this demand, Defendant repeatedly postponed payment, citing internal deadlines and the need for client approval, and even attempted to extend the

3

payment timeline by an additional 45 days, a request which Plaintiff promptly rejected.

15. Defendant has insisted on dividing the non-W2 portion into two separate 1099 payments, one to Plaintiff and one to his counsel, despite this arrangement never being discussed or agreed upon during the settlement conference or at the time Defendant confirmed that a settlement had been reached.

16. Plaintiff's counsel advised that such an arrangement would violate counsel's attorney lien, and offered alternate terms.

17. Despite repeated follow-ups, Defendant has failed to tender the agreed settlement proceeds and even after seeking concurrence in this motion and offering to find a compromise on the term, Defendant has not responded at all.

18. The Seventh Circuit has consistently enforced settlement agreements once parties reach an agreement on material terms; a settlement agreement is binding even without a signed final draft where the parties' intent and essential terms are clear.

19. Here, the parties came to an agreement on August 27, 2025. This constituted a binding contract. Defendant's later resistance to non-material terms, such as the method of payment, does not negate the settlement.

20. Continued delay prejudices Plaintiff, who relied on the settlement by ceasing litigation efforts.

21. Defendant's refusal to perform violates both the letter and the spirit of the parties' agreement, and judicial enforcement is warranted.

22. As of the filing of this Motion, Plaintiff has received no indication of when payment will be made, despite the matter being agreed to settle on August 27, 2025. More than seven weeks have passed since the settlement conference, and nearly one month has passed since Defendant confirmed acceptance of the agreed terms, yet Defendant has neither tendered payment nor finalized the agreement.

23. Plaintiff has fully complied with all obligations under the settlement, including confidentiality, while Defendant's refusal to complete the agreement has compelled Plaintiff to seek judicial enforcement.[1]

24. Plaintiff requests that the Court order Defendant to make the payment within 7 days of the entry of an order in this matter, and further requests that Defendant be ordered to pay costs for causing Plaintiff to have to file this motion and not making good on its obligation to tender the settlement proceeds in a timely manner.

WHEREFORE, Plaintiff respectfully urges this Court issue an Order:

1. Enforcing the settlement reached between the parties on August 27, 2025;

---

[1] If the Court would like to examine the agreement, Plaintiff can submit the same under seal and/or *in camera*, to abide by the parties' confidentiality provisions.

2. Directing Defendant to tender full payment of the settlement proceeds within seven (7) days of entry of the Court's Order.

3. Awarding Plaintiff his costs and attorney's fees incurred in bringing this Motion; and,

4. Granting such further relief as this Court deems just and equitable.

September 23, 2025                                   Respectfully Submitted,


                                                    /s/ Carla D. Aikens
                                                    Carla D Aikens 6296269
                                                    Carla D. Aikens, PLC
                                                    Attorney for Plaintiff
                                                    615 Griswold Ste. 709
                                                    Detroit, MI 48226
                                                    carla@aikenslawfirm.com

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JUSTIN WINTERS,

        PLAINTIFF.

PEPSICO, INC,

        DEFENDANT.

CASE NO. 2:23-cv-02295-CSB-EIL

Hon. Colin S. Bruce
Hon. Magistrate Judge Eric I. Long

CARLA D. AIKENS, P.L.C.
CARLA D. AIKENS 6296269
*Attorneys for* Plaintiff
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
Phone: (844) 835-2993
Fax: (877) 454-1680

Matthew P. Kellam
Laner Muchin, Ltd.
515 N. State Street, Suite 2400
Chicago, Illinois 60654
Phone: (312) 467-9800
mkellam@lanermuchin.com

**<u>BRIEF IN SUPPORT OF PLAINTIFF JUSTIN WINTER'S MOTION TO
ENFORCE SETTLEMENT</u>**

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Beverly v Abbott Laboratories,* 817 F3d 328 (7th Cir. 2016)........................... 11, 12

*Lynch, Inc v SamataMason Inc,* 279 F3d 487 (7th Cir. 2002) ...................................9

*Wilson v Wilson,* 46 F3d 660 (7th Cir. 1995) ...........................................................10

## LAW AND ARGUMENT

It is well established in the Seventh Circuit that settlement agreements are contracts, and courts must enforce them when the parties have reached an agreement on the essential terms. As the court explained in *Lynch, Inc v SamataMason Inc,* 279 F3d 487, 489 (7th Cir. 2002), that:

> A settlement agreement, unless it is embodied in a consent decree, or some other judicial order, or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract.

(Emphasis in original). Once a meeting of the minds is reached, a party may not simply withdraw or delay performance. In *Wilson v Wilson,* 46 F3d 660, 667 (7th Cir. 1995), the court observed that:

> [A] contract is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions thereof, under proper rules of construction and applicable principles of equity, to ascertain what the parties have agreed to do.

(internal citations omitted). This decision confirms that once parties agree to the essential terms, courts will not permit one side to escape by withholding signatures or prolonging negotiations.

Here, the parties entered into a settlement on August 27, 2025, when Defendant, through counsel accepted Plaintiff's offer:

9



**Matthew P. Kellam**
to me, Rejanaé ▾

Wed, Aug 27, 6:13 PM     ☆     ↩     ⋮

Carla,

Pepsico accepts the offer of ▮▮▮ and the tax treatment for the monies being paid to Mr. Winters being ▮▮▮ (W2) and ▮▮▮ (1099). I will get to work on a draft settlement agreement.

At that point, the essential terms were resolved, and the agreement became binding. Although drafts of a written agreement were exchanged thereafter, and although Defendant has yet to execute the draft, that does not negate the enforceability of the settlement. The intent of the parties was clear and final, and the unreasonable withholding of a signed agreement cannot be used as a tactic to avoid performance.

Defendant's subsequent conduct, delaying execution, raising new issues about splitting payments, and insisting on extended payment deadlines, does not alter the fact that the settlement was reached and became binding on August 27, 2025. Plaintiff provided the necessary tax documentation and returned edits to Defendant's draft promptly. Yet, despite having all the required paperwork for weeks, Defendant has still failed to tender the agreed settlement funds. This pattern of delay has prejudiced Plaintiff and undermines the very purpose of settlement, which is to bring closure and finality to litigation.

As the Seventh Circuit emphasized in *Beverly v Abbott Laboratories,* 817 F.3d 328, 334 (7th Cir. 2016):

10

> Beverly argues that the twenty-one-day consideration period and the seven-day revocation period in the typewritten proposal demonstrate that Abbott intended to be bound only if the typewritten proposal was executed. But this argument ignores the fact that the "**anticipation of a more formal future writing does not nullify an otherwise binding agreement**." *Abbott Labs.*, 164 F.3d at 388 (citing *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 374 (7th Cir.1992)). Indeed, we have observed that "**Illinois courts have not been shy about enforcing promises made in the context of ongoing negotiations and often involving preliminary or 'incomplete' agreements.**" *Dawson*, 977 F.2d at 374 (collecting cases). We agree with the district court that the parties' failure to execute the typewritten proposal simply left the handwritten agreement's enforceability undisturbed.

(Emphasis added). In this case, the enforceability of the settlement depends on whether the parties mutually assented to the essential terms of the agreement. When parties reach a clear meeting of the minds on material provisions, such as the scope of the release, consideration, and the obligations of performance; the agreement is binding, even if a more formal document is later contemplated. The key inquiry is whether the agreed terms are sufficiently definite to allow the court to determine the parties' respective duties.

Here, the communications and conduct of the parties reflect such assent, establishing a settlement agreement enforceable as a matter of law. As the *Beverly* court emphasized:

> A settlement agreement is enforceable if there was a meeting of the minds or mutual assent to all material terms. *Abbott Labs. v. Alpha Therapeutic Corp.,* 164 F.3d 385, 387 (7th Cir. 1999) (citing *SBL Assoc. v. Village of*

11

*Elk Grove,* 247 Ill.App.3d 25, 186 Ill.Dec. 939, 617 N.E.2d 178, 182 (1993)). Material terms are sufficiently definite and certain when they enable a court to ascertain what the parties agreed to do. *K4 Enters., Inc. v. Grater, Inc.,* 394 Ill.App.3d 307, 333 Ill.Dec. 198, 914 N.E.2d 617, 624 (2009) (citing *Midland Hotel Corp. v. Reuben H. Donnelley Corp.,* 118 Ill.2d 306, 113 Ill. Dec. 252, 515 N.E.2d 61, 65 (1987)).

*Id.* at 833. Defendant's refusal to honor the settlement agreement is exactly the kind of conduct the law forbids. The Court should enforce the agreement, as reached on August 27, 2025, order Defendant to pay the agreed amount without further delay, and award Plaintiff his costs for being forced to file this motion.

For these reasons, Plaintiff respectfully requests that the Court grant his motion to enforce the settlement, compel Defendant to tender payment within seven days, award attorneys' fees and costs, and grant such further relief as the Court deems just.

Dated: September 23, 2025      Respectfully Submitted,

                 CARLA D. AIKENS, P.LC.

                 /s/ *Carla D. Aikens*
                 Carla D Aikens 6296269
                 Carla D. Aikens, PLC
                 Attorney for Plaintiff
                 615 Griswold Ste. 709
                 Detroit, MI 48226
                 carla@aikenslawfirm.com

12

13

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on September 24, 2025, by:

*/s/ Carla D. Aikens*